## SHULTZ v. IRVING TRUST CO.
### No. 99.

Circuit Court of Appeals, Second Circuit.

Dec. 3, 1934.

Charles R. Small, of New York City (Frank P. Woglom, of New York City, of counsel), for appellant.

Cravath, de Gersdorff, Swaine & Wood, of New York City (William D. Whitney, Carl W. Painter, and Frank H. Detweiler, all of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

## PER CURIAM.

In November, 1927, the claimant let certain premises in Rome, N. Y., to the bankrupt for a term of fifty years, beginning April 1, 1928. The lessee wished structural changes in, and additions to, the buildings, and the lessor agreed to make them according to plans satisfactory to the lessee but at his own cost. He was free to subject the term to a mortgage for what he spent, a privilege which he used. Besides the rents reserved, the lessee agreed "as additional rental" to pay to the lessor, or to the mortgagee, "during the term hereof a sum equal to two (2%) per cent. per annum of the principal amount expended and paid out by said Landlord * * * together with interest on the respective" (sic) "balance * * * at the rate of 6% per annum, the said amortization charge and interest payments to be paid semi-annually during each year of the term of the lease." The original cost of the changes was $30,000, which the lessor paid, but this proved not enough; the whole repairs finally coming to $38,227. Of the added amount the lessee on June 29, 1928, agreed to pay $7,500 on July 1, 1931, and both parties fixed the amortization and income account at $30,727. The lessee did pay $7,500 on July 1, 1931, and on December 1, 1931, the rent was reduced from $7,500 to $6,500, and the amortization payments until 1938 fixed at $204.54, instead of $614.54. This would have left a deficiency of $2,870 on April 1, 1978, even though the lessee had kept all its promises. During the year 1930 for some undisclosed reason it paid the sum of $764 on amortization. The petition for adjudication was filed on July 14, 1932. The referee allowed the rent, amortization payment, and interest due and unpaid at petition filed, but disallowed the balance of the claim. The judge confirmed his order, and the lessor appealed.

The single question is whether the amortization payments were unconditionally due, though the lessor re-entered; if not, the claim is ruled by Manhattan Properties v. Irving Trust Co., 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824. Much of the dispute has been waged about the words, "as additional rental," with which the lessee's only promise is introduced. They are significant, but not as much so as the phrases, "during the term hereof" and "during each year of the term of the lease." It is not possible to take these as fixing a period of years, as permitting the conclusion that the lessee must continue to pay, though the lessor should re-enter. Plainly it was to pay only while the term remained; whatever forfeited that ended its promise. We cannot see how the meaning could be clearer, and the result is to subject future amortization payments to the same chances as the rents reserved. The two later agreements in no wise affected this part of the lease; and each expressly confirmed it. In the face of such plain language, the claimant's inferences drawn from possible situations which might arise under other clauses of the agreements are the thinnest gossamers.

Order affirmed.